UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARTFORD UNDERWRITERS
INSURANCE COMPANY;
TWIN CITY FIRE INSURANCE COMPANY;
HARTFORD FIRE INSURANCE COMPANY;
PROPERTY AND CASUALTY INSURANCE
COMPANY OF HARTFORD;
TRUMBULL INSURANCE COMPANY; and
HARTFORD CASUALTY INSURANCE COMPANY,

Case No. 21-cv-11599
Hon. Nancy G. Edmunds

    Plaintiffs,

vs.

DAVID OTTO,

    Defendant.

_____/

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendant David Otto ("Defendant"), for his answer to the first amended complaint of plaintiffs Hartford Underwriters Insurance Company, Twin City Fire Insurance Company; Hartford Fire Insurance Company; Property and Casualty Insurance Company of Hartford; Trumbull Insurance Company; and Hartford Casualty Insurance Company (collectively, "Plaintiffs"); affirmative defenses to that first amended complaint, and jury demand states:

## ANSWER

1. Defendant admits that Plaintiffs are asking this Court for a declaratory judgment. Defendant denies that the declaratory judgment Plaintiffs seek is proper or justified under the law.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

5. Admitted that: Defendant is a citizen of the State of Michigan; Defendant is the sole member of Omega Resources Solutions, LLC ("Omega"); Omega is a Michigan limited liability company. The rest of this allegation is denied.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Defendant admits that the audits alleged that Omega owed Plaintiffs additional premiums, but denies that the audits were substantively correct.

12. Denied.

13. Denied.

14. Defendant admits that Plaintiffs sent Omega a Final Insurance Bill and a letter demanding payment and threatening legal action, but denies that the Final Insurance Bill and letter demanding payment were substantively correct.

15. Admitted.

16. Denied.

17. Defendant admits that Exhibit A is the July 27, 2018 Proposal for Decision authored by Administrative Law Judge Christopher Saunders, which speak for itself. Any allegation, inference, or characterization other than the written Proposal for Decision is denied.

18. Defendant admits that Plaintiffs filed a complaint in *Hartford Underwriters I* that contained allegations against Omega, but denies that the allegations were substantively true.

19. Defendant admits that Omega's counsel filed a motion to withdraw on November 16, 2018, the terms of which speak for themselves. Any

allegation, inference, or characterization to the contrary of that written motion is denied.

20. Defendant admits that this Court issued a text only order on December 12, 2018, the terms of which speak for themselves. Any allegation, inference, or characterization to the contrary of that written order is denied. Defendant admits that on February 1, 2018 Plaintiffs filed a motion for default judgment in *Hartford Underwriters I*.

21. Defendant admits that this Court issued the Judgment on May 20, 2019, which speaks for itself. Any allegation, inference, or characterization other than that Judgment is denied.

22. Defendant admits that Plaintiff served garnishments and garnishee disclosures were filed, the terms of which speak for themselves. Any allegation, inference, or characterization to the contrary of those garnishments and disclosures is denied.

23. Defendant admits that Plaintiff served garnishments and garnishee disclosures were filed, the terms of which speak for themselves. Any allegation, inference, or characterization to the contrary of those garnishments and disclosures is denied.

24. Defendant admits that Plaintiffs conducted post-judgment discovery including taking several depositions. The rest of this allegation is denied.

4

25. Defendant admits that Otto is the sole member and CEO of Omega. The rest of this allegation is denied.

26. Defendant admits that Michael Zybura is the director of finance for America's Back Office. The rest of this allegation, including sub-paragraphs a-h, is denied.

27. Defendant admits that Anthony Sabatella is the risk manager for America's Back Office and that he is Otto's son. The rest of this allegation, including sub-paragraphs a-e, is denied.

28. Defendant admits that Plaintiffs filed a post-judgment motion in *Hartford Underwriters I* that sought relief against Otto. Defendant denies that the relief was warranted as a procedural or substantive matter.

29. Defendant admits that this Court, through Magistrate Judge Altman, issued a Report and Recommendation on May 21, 2021, which speaks for itself. Any allegation, inference, or characterization other than that Report and Recommendation is denied.

30. Defendant admits that this Court, through Magistrate Judge Altman, issued a Report and Recommendation on May 21, 2021 the terms of which speak for itself. Any allegation, inference, or characterization other than that Report and Recommendation is denied. By way of further answer, Defendant states that the Magistrate Judge's Report and

recommendation in this regard was *dicta*. The motion was procedurally improper and was, and should have been, denied on those grounds alone. The question of the merits of the piercing claim was not properly before this Court and any allegation or inference that the Magistrate Judge's decision is binding on this Court in that regard, is dispositive in that regard, or has any relevance to this action, is denied.

31. Admitted.

32. Defendant incorporates by reference its previous response to Plaintiffs' allegations.

33. Admitted.

34. Denied that Plaintiffs can prove facts sufficient to pierce the corporate veil of Omega.

35. Denied that Plaintiffs can prove facts sufficient to pierce the corporate veil of Omega.

WHEREFORE, Defendant requests that this Court: (1) deny all relief requested by Plaintiffs; (2) if this Court does issue a declaratory ruling, that this court declare that Plaintiffs are not allowed to pierce the corporate veil to hold Defendant liable for the judgment debt of Omega; (3) award Defendant his costs and attorney fees as allowable by statute, law, rule of civil procedure, or in

equity; and (4) award any other relief that this Court deems appropriate, just, and equitable.

## AFFIRMATIVE DEFENSES

Defendant, for his affirmative defenses to Plaintiffs' first amended complaint, states that he is relying on the following affirmative defenses in this action:

1. Estoppel.

2. Laches.

3. Defendant reserves the right to amend his affirmative defenses.

## JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

**ALTIOR LAW, P.C.**

s/ Kenneth F. Neuman
Kenneth F. Neuman (P39429)
Stephen T. McKenney (P65673)
Attorneys for Defendant
401 S. Old Woodward, Suite 460
Birmingham, MI 48009
(248) 594-5252
kneuman@altiorlaw.com
Dated: November 5, 2021                    smckenney@altiorlaw.com

## **CERTIFICATE OF SERVICE**

I certify that on November 5, 2021, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record on the ECF Service List.

s/ Kenneth F. Neuman<br>
Kenneth F. Neuman (P39429)<br>
ALTIOR LAW, P.C.