UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HARTFORD UNDERWRITERS INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY, HARTFORD FIRE INSURANCE COMPANY, PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, TRUMBULL INSURANCE COMPANY, and HARTFORD CASUALTY INSURANCE COMPANY, | Case No. 21-cv-11599<br><br>Hon. Nancy G. Edmunds,<br><br>Mag. Judge Kimberly G. Altman |
| Plaintiffs, | |
| -vs- | |
| DAVID OTTO, | |
| Defendant. | |

JOINT DISCOVERY PLAN

| | |
|---|---|
| WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP<br>William S. Cook (P68934)<br>17197 N. Laurel Park Drive, Suite 201<br>Livonia, Michigan 48152<br>313-327-3100<br>william.cook@wilsonelser.com<br>*Attorneys for plaintiffs* | ALTIOR LAW, PC<br>Kenneth F. Neuman (P39429)<br>Stephen T. McKenney (P65673)<br>401 S. Old Woodward, Suite 460<br>Birmingham, Michigan 48009<br>248-594-5252<br>kneuman@altiorlaw.com<br>smckenney@altiorlaw.com<br>*Attorneys for defendant* |
| WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP<br>Mark G. Ledwin, Esq.<br>1133 Westchester Avenue<br>White Plains, New York 10604<br>914-872-7148<br>mark.ledwin@wilsonelser.com<br>*Attorneys for plaintiffs* | |

## I. Background on the action

Plaintiffs obtained a $1.4 million judgment against non-party Omega Resource Solutions, LLC ("Omega") for unpaid workers compensation insurance premiums (E.D. Mich. case number 2:18-cv-12907). By this action, Plaintiffs seek to pierce the corporate veil of Omega so as to enforce the judgment against its sole member and owner, defendant David Otto.

Plaintiffs have already undertaken extensive post-judgment discovery in support of its veil piercing claim. Plaintiffs also filed a motion to pierce the corporate veil in the prior action which was denied without prejudice on the grounds that Plaintiffs needed to either amend the complaint in the prior action to include Mr. Otto or file a new action directly against Mr. Otto.

Mr. Otto disputes that piercing the corporate veil is proper and has asserted affirmative defenses of laches and estoppel.

## II. Rule 26(f)(3)

> a. *What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made*

The parties do not request any changes to the form or requirement for the exchange of Rule 26(a) initial disclosures. Based on the schedule below, the parties propose an initial disclosure deadline of January 6, 2022.

262841965v.1

> b. *The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.*

A large amount of the discovery needed in this case was done as part of the post-judgment proceedings in the prior litigation by Plaintiffs against Omega, but the parties may still need to complete some additional discovery. Otto intends to conduct the following discovery: (1) learn and obtain the evidence Plaintiffs will rely on to support their veil piercing claim, and (2) conduct a Rule 30(b)(6) deposition of a corporate representative for Plaintiffs, among other things. Otto may rely on expert testimony, and Plaintiffs would need to depose Otto's expert.

The parties propose the following scheduling order deadlines:

| Event | Proposed deadline |
|---|---|
| Parties' initial disclosures | January 6, 2022 |
| Witness Lists Exchanged By | April 6, 2022 |
| Plaintiffs' expert disclosures | April 6, 2022 |
| Defendant's expert disclosures | May 6, 2022 |
| Discovery Cutoff | June 10, 2022 |
| Dispositive Motions Filed By | July 29, 2022 |
| Stipulation for Mediation Submitted By* | See below |
| Final Pretrial Order Due | [to be set by the court] |
| Final Pretrial Conference | [to be set by the court] |
| Trial Date | [to be set by the court] |

3

| Estimated Length of Trial | 3-4 days |
|---|---|
| Jury trial | Yes |

*The parties attended a mediation with the Honorable Gerald Rosen (USDJ, retired) after Plaintiffs filed their lawsuit but before Otto answered. The mediation was unsuccessful. The parties will continue to consider settlement and whether continued mediation is appropriate in the future, but given the recent unsuccessful mediation, the parties request that the Court not impose any requirements for further mediation at this time.

> c. *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced*

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties shall take reasonable steps to ensure the preservation of electronically stored information. Such information shall be considered encompassed within the parties' propounded discovery requests. In the event that any propounded discovery request is alleged to be burdensome by virtue of the need to search, review, and/or produce electronically stored information, the parties agree to attempt to work together in good faith to formulate cost-effective alternatives, including, but not limited to, the use of appropriate search terms. The parties agree to confer in good faith on an appropriate, cost-effective form—i.e., electronic or hard-copy—and format for making

4

productions. To the extent either party chooses to produce discovery information in electronic form, said information shall be produced in .tif, .html, .jpg, .doc, .pdf, .txt or other comparable format on CDs, DVDs or external hard drives. Either party may request that data also be produced in its native format if reasonable and appropriate, subject to court order. The parties are to preserve evidence material to the litigable issues in the above case and properly discoverable. This includes both paper and electronic.

> d. *Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502*

If a party inadvertently produces information that is subject to a claim of privilege or protection, including work product immunity, the parties agree to follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

> e. *What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed*

The parties do not recommend any changes to the presumptive limits contained within the Federal Rules of Civil Procedure relating to interrogatories and depositions.

> f. *Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)*

None

Dated: November 29, 2021

ALTIOR LAW, PC

By: /s/ Kenneth F. Neuman (w/permission)
    Kenneth F. Neuman (P39429)
    401 S. Old Woodward, Suite 460
    Birmingham, Michigan 48009
    248-594-5252
    kneuman@altiorlaw.com
    *Attorneys for defendant*

WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER, LLP

By: /s/ William S. Cook
    William S. Cook (P68934)
    17197 N. Laurel Park Drive, Suite 201
    Livonia, Michigan 48152
    313-327-3100
    william.cook@wilsonelser.com
    *Attorneys for plaintiffs*