UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARTFORD UNDERWRITERS
INSURANCE COMPANY, TWIN
CITY FIRE INSURANCE COMPANY,
HARTFORD FIRE INSURANCE
COMPANY, PROPERTY AND
CASUALTY INSURANCE
COMPANY OF HARTFORD,
TRUMBULL INSURANCE COMPANY and
HARTFORD CASULATY INSURANCE
COMPANY,

      Plaintiffs,
v.

David Otto,

      Defendant.
_____/

Case No. 21-11599

Honorable Nancy G. Edmunds

Magistrate Judge Kimberly G. Altman

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR STAY OF PROCEEDINGS TO ENFORCE JUDGMENT UNDER RULE 62 [27]**

Plaintiffs are insurance companies who sued Defendant David Otto seeking to pierce the corporate veil of Omega Resources Solutions, LLC, in order to collect a money judgment awarded to Plaintiffs against Omega in a prior case. On March 7, 2023, this Court granted Plaintiff's motion for summary judgment and entered a declaratory judgment against Defendant in the amount of $1,409,814. (ECF Nos. 24, 25.) Defendant now moves for an order staying the execution of the declaratory judgment pending the outcome of an appeal. (ECF No. 27.) Defendant states he has sufficient assets to satisfy the judgment, but that he would prefer the Court order execution of the judgment stayed without any security, or with a letter of credit, rather than with a supersedeas bond.

1

Plaintiffs oppose Defendant's motion to the extent he seeks to stay execution of the judgment without any security whatsoever. (ECF No. 31.) Plaintiffs state they would agree to a letter of credit from an A+ rated issuing bank in lieu of a bond if the Court finds this to be permissible.

Federal Rule of Civil Procedure 62(b) provides, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." This Rule guarantees that "a party who files a satisfactory supersedeas bond [will receive] a stay of a money judgment as a matter of right." *Arban v. W. Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). "The rationale is that the appellant is insured by the stay against inability to recover should he prevail on appeal, and in exchange the appellee receives the bond as security so that the appellant may not otherwise dispose of funds that could satisfy the judgment." *Dubuc v. Green Oak Twp.*, No. 08-13727, 2010 WL 3908616, at *1 (E.D. Mich. Oct. 1, 2010) (citing *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998). "While in general the supersedeas bond is for an amount that would satisfy the full judgment, inclusive of costs, interest, and damages for delay, it is within the district court's discretion to reduce the amount of the bond, substitute an alternate form of security for the bond, or dispose of the bond requirement entirely." *Ibid.* District courts, however, "almost always" require a full supersedeas bond—disposal of this requirement is only appropriate "in extraordinary circumstances." *Id.* (citing *Hamlin*, 181 F.R.D. at 353).

Here, Defendant fails to demonstrate extraordinary circumstances that would warrant waiver of the bond requirement. In the declaration supporting his motion, Defendant states that he has an account with a balance "in excess of $26-million" that

could be used to satisfy the judgment if it is upheld on appeal, but he provides no other evidence that would support deviating from the bond requirement. (*See* ECF No. 27-3.) Nevertheless, because Plaintiffs have stated they would not oppose Defendant's use of a letter of credit as security, the Court would be willing to accept the same pending review of the letter and stipulation from the parties.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion For Stay Of Proceedings To Enforce Judgment Under Rule 62 is hereby **GRANTED IN PART AND DENIED IN PART**; Defendant's Motion is **GRANTED** as to the stay of execution of the Declaratory Judgment conditioned on Defendant's procurement of a supersedeas bond in the amount of $1,536,701.90, which the parties agree constitutes the amount of the Declaratory Judgment plus post-judgment interest; Defendant's motion is **DENIED** insofar as he requests the stay be entered without bond or other security.

**ALTERNATIVELY**, upon stipulation of the parties, the Court would be willing to enter an order allowing Defendant to post a letter of credit in lieu of a bond. Should Defendant acquire a satisfactory letter of credit, he should submit it for the Court's review along with a stipulation and order amending this Order.

**SO ORDERED.**

                                              s/Nancy G. Edmunds
                                              Nancy G. Edmunds
                                              United States District Judge

Dated:  April 27, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 27, 2023, by electronic and/or ordinary mail.

        s/Lisa Bartlett
        Case Manager